UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ainoon Rupani and Ejaz Rupani, ) | | |
|     Plaintiffs, ) | | |
|         v. ) | | Case No. 16 CV 5862 |
| ) | | |
| SOHA, Inc., an Illinois Corporation, ) | | Judge |
| and Noorallah J. Alimohammed, ) | | |
| Individually. ) | | |
| ) | | |
|     Defendants. ) | | JURY DEMANDED |

## COMPLAINT

NOW COMES Plaintiffs, AINOON RUPANI & EJAZ RUPANI, individually by and through their attorneys, Amy S. Cramer and Thomas McCarthy Cramer, of Cramer Law Chicago, P.C. for their Complaint against Defendant SOHA, Inc. and against owner NOORALLAH J. ALIMOHAMMED, individually, state as follows:

## JURISDICTION AND VENUE

1. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

2. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

3. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

## INTRODUCTION

4. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay proper overtime compensation to the Plaintiffs. In Count I, the Plaintiffs bring a claim pursuant to Section 216(b) of the FLSA.

5. In Counts II and III, Plaintiffs bring supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*.

6. In Count IV, Plaintiffs bring a claim under section 15(a)(3) of the FLSA for retaliation.

## PARTIES

7. Plaintiffs Ejaz Rupani and Ainoon Rupani are a married couple who worked for SOHA, Inc. Ainoon is a U.S. Citizen. Ejaz is a foreign national authorized to work in the United States. Ainoon and Ejaz Rupani are domiciled within Illinois and reside within the Northern District of Illinois.

8. SOHA, Inc. (hereinafter, "SOHA" or "Defendant SOHA") is an Illinois corporation not in good standing with the Illinois Secretary of State.

9. Individual Defendant is Noorallah J. Alimohammed, President of SOHA, Inc. (hereinafter, "Alimohammed.") Alimohammed is a resident of the State of Georgia based on information and belief.

10. Upon information and belief and at all times relevant, Alimohammed held and holds an ownership interest in SOHA, Inc.

11. Upon information and belief and at all times relevant, Alimohammed was and is a corporate officer of SOHA, Inc.

12. Upon information and belief and at all times relevant, Alimohammed exercised and exercises significant control over SOHA, Inc.'s day-to-day operations.

13. Upon information and belief and at all times relevant, Alimohammed exercised and exercises significant control over SOHA, Inc.'s HR and payroll function

14. At all times relevant, Alimohammed paid Plaintiffs in cash twice per month.

15. At all times relevant, Alimohammed had the power to hire and fire employees, including Plaintiffs.

16. At all times relevant, Alimohammed had the power to direct the particulars of Plaintiffs' work.

17. At all times relevant, during Plaintiffs' employment by Defendants, Alimohammed assigned tasks to Plaintiffs, set Plaintiffs' work schedule from week to week and set Plaintiffs' pay rates.

18. Upon information and belief, SOHA, Inc., had gross receipts in excess of $500,000.00 in: a) 2014; b) 2015; c)2016.

19. Upon information and belief, at all times relevant to this action, SOHA, Inc., had gross receipts in excess of $80,000.00 per month.

20. At all time relevant to this action, Ejaz and Ainoon Rupani were SOHA, Inc. employees within the meaning of the IMWL and the FLSA.

21. At all times relevant to this action, Plaintiffs were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

22. At all times relevant to this action, Plaintiffs were "employees" of the Defendants within the meaning of Section 3(d) of the IMWL.

23. During the course of Plaintiffs' employment by the Defendants, the Plaintiffs handled goods that moved in interstate commerce including but not limited to gold, diamonds, and precious stones.

24. During the course of Plaintiffs' employment by the Defendants, Plaintiffs engaged in interstate commerce as individuals in that, on behalf of and as agents/employees of Defendants, Plaintiffs: a) made credit, debit or bank card payments to the Defendants' vendors, which transactions involved the electronic transmission of data across state lines; b) processed credit, debit or bank card payments from the Defendants' customers and/or clients, which transactions involved the electronic transmission of data across state lines; and c) made or processed wire transfers of money, which transactions involved the electronic transmission of data across state lines.

25. During the course of their employment, Plaintiffs were not exempt from the overtime wage and minimum wage provisions of the FLSA.

26. During the course of their employment, Plaintiffs were not exempt from the overtime wage and minimum wage provisions of the IMWL.

27. The Defendants routinely and as a matter of practice and policy required the Plaintiffs to work more than 40 hours per week, but then failed and refused to pay the Plaintiffs overtime compensation at the requisite statutory rate, i.e., one-and-one-half times Plaintiffs' regular hourly wage rate and upon information and belief continue this practice to present day.

28. At all times relevant to this action, the Defendants, and each of them, were Plaintiffs' "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the

employee Plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

29. At all times relevant to this action, Defendants were Plaintiffs' "employer" within the meaning of Section 3(c) of the IMWL in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to Plaintiffs, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

## FACTUAL ALLEGATIONS

30. Plaintiff re-alleges Paragraphs 1 through 29 and incorporates them as though fully set forth as Paragraph 30.

31. In May 2014, Ejaz Rupani started working at the Gold & Diamond Depot in Calumet City, Illinois.

32. Ejaz Rupani was paid $1,200 in cash on the first and 15th of each and every month in exchange for working 6 days a week for 11 hours a day or $9.84 per hour with no overtime.

33. No taxes were taken out of Ejaz Rupani's wages for state and federal taxes.

34. In November 2014, SOHA hired Ainoon Rupani to be a salesclerk at another SOHA, Inc. location called Diamond Treasure at 96 River Oaks Center Drive, in Calumet City, IL.

35. Defendants promised Ainoon Rupani $80.00 per day in cash for 11 hours per day, 4 days per week or $7.27 per hour with no overtime.

36. In 2014, the minimum wage in Illinois was $8.25 per hour.

37. Ainoon Rupani was paid in cash on the first and 15th of each month.

38. No state or federal taxes were taken out of Ainoon Rupani's wages.

5

39. During their respective periods of employment, Ejaz Rupani complained to Alimohammad and to manager Jawaid Sogadar about he and his wife's wages, specifically that he was not getting any overtime and that his wife's wages were beneath the minimum wage.

40. On February 2, 2016, Alimohammed informed Ejaz Rupani that both he and his wife, Ainoon, were terminated, but he not given a reason.

41. Ejaz and Ainoon Rupani thereinafter applied for unemployment with the Illinois Department of Employment Security, but they could not collect because there was no record of their employment at SOHA.

42. Shortly thereafter, Ejaz and Ainoon Rupani hired instant counsel who sent SOHA a demand letter in conformance with the Attorneys Fees in Wage Actions Act, 705 ILCS 225.

## COUNT I
### (Violation of the FLSA)

43. Plaintiffs re-allege Paragraphs 1 through 42 and incorporate them as though fully set forth as Paragraph 43.

44. Among the other ways, the Defendants violated the FLSA by:

   a) failing to pay the Plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one-and-one-half times the regular rate at which the Plaintiffs were employed;

   b) failing to accurately record the number of hours Plaintiffs worked each week; and

   c) failing to provide the Plaintiffs with pay stubs that accurately listed the number of hours the Plaintiff worked each week.

45. The Defendants' violation of the FLSA was willful in that the Defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

46. The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. Damages in the amount equal to the unpaid overtime compensation due and owing to the Plaintiffs for each hour the Plaintiffs worked in excess of 40 in any given week, but for which Defendants failed to pay Plaintiffs at a rate equal to or greater than one-and-one-half times the respective, regular rates at which the Plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

2. Statutory liquidated damages as allowed by the FLSA;

3. Interest on all amounts awarded;

4. Costs and attorneys' fees; and

5. Such further relief as the Court deems equitable and just.

## COUNT II
### (Violation of Illinois Minimum Wage Law Overtime Provision)

47. Plaintiffs re-allege Paragraphs 1 through 46 and incorporates them as though fully set forth as Paragraph 47.

48. Among other ways, the Defendants violated the IMWL by;

   a) failing to pay the Plaintiffs for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one-and-one-half times the regular rate at which the Plaintiffs were employed.

b) failing to accurately record the number of hours the Plaintiffs worked each week; and

c) failing to provide the Plaintiffs with pay stubs that accurately listed the number of hours the Plaintiffs worked each week.

49. The Defendants were aware of should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

50. The Defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

WHEREFORE, Plaintiffs pray for a judgment against Defendants, as follows:

1. Damages in an amount equal to the unpaid overtime compensation due and owing to the Plaintiff for each hour the Plaintiff worked in excess of 40 in any given week, but for which the Defendants failed to pay the Plaintiff at a rate equal to or greater than one-and-one-half times the regular rate at which the Plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

2. Statutory punitive damages as allowed by the IMWL;

3. Interest on all amount awarded;

4. Costs and attorneys' fees; and

5. For such further legal and equitable relief as the Court deems just and equitable.

### COUNT III
### (Violation of Illinois Minimum Wage Law – Plaintiff Ainoon Rupani v. Defendants)

51. Plaintiff, Ainoon Rupani, re-alleges Paragraphs 1 through 50 and incorporates them as though fully set forth as Paragraph 51.

52. Among other ways, the Defendants violated IMWL by failing to pay Ainoon Rupani minimum wage in violation of the IMWL, 820 Ill. Comp. Stat. § 105/1 *et. seq.*, and the regulations promulgated there under, 56 II. Admin. Code § 210.100 *et. seq*.

53. Plaintiff worked four (4) days for SOHA at eleven (11) hours per day or forty-four (44) hours per week for fifteen (15) months.

54. SOHA paid Plaintiff eighty ($80) dollars per day work or three hundred and twenty ($320) dollars per week.

55. Plaintiff's hourly wage was seven dollars and twenty-seven cents ($7.27).

56. In denying minimum wage compensation of eight dollars and twenty-five cents ($8.25), Defendant violated the IMWL.

57. The Defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

58. The Defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

> WHEREFORE, Plaintiff prays for a judgment against Defendants, as follows:
>
> 1. Damages in an amount equal to the unpaid minimum wage compensation due and owing to the Plaintiff for each hour the Plaintiff worked in any given week, but for which the Defendants failed to pay the Plaintiff at minimum wage;
>
> 2. Statutory punitive damages as allowed by the IMWL;
>
> 3. Interest on all amount awarded;
>
> 4. Costs and attorneys' fees; and
>
> 5. For such further legal and equitable relief as the Court deems just and equitable.

## COUNT IV
**(Retaliation in Violation of the FLSA)**

59.     Plaintiffs re-allege Paragraphs 1 through 58 and incorporates them as though fully set forth as Paragraph 59.

60.     On multiple occasions, Ejaz Rupani complained to Alimohammad and to manager Jawaid Sogadar about he and his wife's wages, specifically that he was not getting any overtime and that his wife's wages were beneath the minimum wage.

61.     On February 2, 2016, Ejaz Rupani was informed by Alimohammed that both he and his wife, Ainoon Rupani, were terminated.

62.     The Defendants had no legitimate or lawful reason to fire Plaintiffs, and fired them in retaliation for making the complaints as described above.

63.     The Defendants' termination of the Plaintiffs' employment was willful and wanton, and was enacted with malicious disregard for Plaintiffs' rights.

64.     The Plaintiffs' complaint constituted a protected activity under Section 15(a)(3) of the FLSA.

65.     The Defendants violated the FLSA by firing the Plaintiff in retaliation for having made the complaint described above.

66.     The Plaintiffs were damaged as a direct and proximate result of the Defendants' actions in that the Plaintiffs suffered pecuniary loss, including but not limited to lost wages.

> WHEREFORE, Plaintiffs pray for a judgment against Defendants, as follows:
>
>> 1. Such injunctive relief and equitable relief as will make the Plaintiffs whole, including but not limited to back pay, front pay in lieu of reinstatement;

10

2. Such further injunctive and equitable relief as may be necessary to prevent future violations of the FLSA;

3. Compensatory and punitive damages;

4. Costs and attorneys' fees; and

5. For such further legal and equitable relief as the Court deems just and equitable.

>Respectfully submitted,
>
>AINOON AND EJAZ RUPANI

Thomas M. Cramer (#6322468)     By: /s/ Thomas M. Cramer
Amy S. Cramer (#6308140)     By: /s/ Amy S. Cramer
Cramer Law Chicago, P.C.     *Attorneys for Plaintiffs*
180 N. LaSalle
Suite 3700
Chicago, IL 60601
312-924-0219
tcramer@cramerlawchicago.com
acramer@cramerlawchicago.com

June 3, 2016